## SAUGERTIES BANK v. MACK et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. FRAUDULENT CONVEYANCES—ACCOUNTING BY GRANTEE.

A fraudulent transferee, on being required to account, is not entitled to allowances for expense of preparing for market the property transferred after it came to his hands.

2. EVIDENCE—WEIGHT.

Testimony should be disregarded if so contradictory as to be unworthy of belief.

3. FRAUDULENT CONVEYANCES—CHARGING TRANSFEREE—DEGREE OF PROOF.

Great preciseness of proof will not be required as against a fraudulent transferee sought to be charged on an accounting for property consumed.

4. APPEAL—REVIEW.

A general exception to the allowance of a question which was objectionable in form only will not be considered, as the infirmity should have been specifically pointed out.

5. FRAUDULENT CONVEYANCES — ACCOUNTING — ALLOWANCES TO TRANSFEREE —COLLECTING ACCOUNTS.

A fraudulent transferee on an accounting should be credited with expenditures made in collecting book accounts which were transferred, provided the evidence shows how much was separately disbursed on that account.

Appeal from special term, New York county.

Action by the Saugerties Bank against James C. Mack and another. From a judgment for plaintiff, confirming a referee's report, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. L. Kellogg, for appellants.

E. A. Hibbard, for respondent.

VAN BRUNT, P. J. This action was brought to have set aside as fraudulent and void, and as given with intent to hinder, delay, and defraud the creditors of the defendant James C. Mack, a bill of sale of certain blue stone, and assignments of book accounts and lease belonging to said Mack. After the trial of the case, an interlocutory judgment was entered, adjudging fraudulent and void these several transfers, and requiring the defendant Jane C. Mack to account for all property received by her by virtue of said bill of sale and assignments, and for all sums of money collected or received by her by virtue thereof, and any proper charges for collection of same, and appointing a referee to take and state the accounts. The referee proceeded and reported to the court the value of the property taken to be a certain sum, and the amount collected upon the outstanding accounts to be a certain other sum. This report being confirmed by the court, from the judgment thereupon entered this appeal is taken.

It is claimed upon this appeal that the referee improperly disregarded certain evidence presented before him, and also refused to allow certain disbursements which it was alleged the defendant Jane C. Mack had

made in the preparation for the market of the property which she had received in its raw state at the time of the bill of sale to her.　It was claimed that the defendant Jane C. Mack should have been allowed for the expenses incurred in preparing this stone (which was the subject-matter of the bill of sale) for the market.　The referee held that she was bound to account for the stone in the state in which she received it, and that with the question of what she had expended in preparing it for the market he had nothing to do.　In this view of the case, it seems to us that the referee was entirely right.　The defendant was required by the judgment to account for the property which she received.　Its value at the time it was received by her, and in the condition in which she received it, was that for which, by the judgment, she was called upon to account.　What she subsequently did with the property was a matter of no concern.　If she expended money upon it, and sold it, thereby realizing a profit, the plaintiff could not under this judgment recover that profit.　All that it could recover is the value of the raw material.　Or if she expended labor upon it, and did not sell it for enough to pay for the labor, that was her speculation, with the loss upon which the plaintiff could not be charged.　The referee took evidence tending to show what the value of the property was, and upon that evidence he made his report.

It is claimed that the referee erred in disregarding the testimony of James C. Mack in respect to the value of the property.　It would seem from the nature of the testimony given by him that he was entirely unreliable, and that the referee, from his numerous contradictions in regard to the material facts in the case, was justified in entirely rejecting his testimony as being unworthy of belief.　It may be that the evidence upon the part of the plaintiff was not as precise and exact as to some portion of the property as it might have been had not the property been used by the defendants after the fraudulent transfer.　But, where parties become fraudulently possessed of property for which they are called upon to account, the court will not be astute in aiding them to make the damages for which they are to respond as slight as possible.

There are criticisms passed upon the admissibility of some of the evidence taken before the referee; but an inspection of the record shows that no exceptions were taken to this evidence.　In respect to the witness Kenny, when a question was asked of him which was objectionable in form, but which might have been made entirely proper in form, there was a general exception, pointing out no infirmity or weakness in the question, and hence it was unavailable, evidence of the character objected to being admissible.

Under the interlocutory judgment, the defendant Jane C. Mack was undoubtedly entitled to be credited with the expenses of collection of the accounts assigned to her.　But no evidence was offered showing what were the proper disbursements in respect to such collections.　The only evidence offered was in regard to what it cost to run the business as it was run by the defendant James C. Mack in the name of Jane C. Mack, after these transfers.　These, of course, were not proper charges against the collections; and, if no evidence was given which would enable the referee to separate the proper cost of collections from the ex-

penditures in running the business, there was no basis for the allowance of such costs of collection.

We think, therefore, that the judgment appealed from should be affirmed, with costs.    All concur.